# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

JOANN B. SELLERS,                    )
                                     )
    Plaintiff,                   )
                                     )
v.                                   )    Case No.   CV411-105
                                     )
MICHAEL J. ASTRUE,                   )
*Commissioner, Social Security*      )
*Administration,*                    )
                                     )
    Defendant.                   )

## REPORT AND RECOMMENDATION

Joann B. Sellers appeals the Social Security Commissioner's denial of her application for disability insurance benefits. Doc. 1. The Commissioner's decision should be affirmed.

## I.  BACKGROUND

Sellers applied for disability benefits in November 2008, alleging that she has been disabled since June 15, 2007, when she was 52. Doc. 8-2 at 25, 30; doc. 8-6 at 3, 8.[1]  She has a high school education and past relevant work experience as an accounting clerk and a general clerk.

---

[1]  The Court is using the pagination imprinted on the top of each page by its electronic docketing software. Those numbers often do not match up with the printed page numbers.

Doc. 8-6 at 14; doc. 8-2 at 30.   She alleged disability due to liver disease, bi-polar disorder, pancreatitis, and carpal tunnel syndrome. Doc. 8-6 at 8.

She also is an alcoholic.   Doc. 8-2 at 26.   Under the five-step disability determination process set forth below, the ALJ found that she did not have a listed impairment and had the residual functional capacity (RFC) to perform light work, but is saddled with limitations that render her unable to perform past relevant work.   *Id.* at 26-29.   And in that category there are no jobs that exist in significant numbers in the national economy that she could perform.   *Id.* at 30.

But things would be different, he concluded, if she stopped drinking. Then, even though she would still have a severe impairment or combination of impairments, she in fact would have the RFC to perform light work.   *Id.* at 31-32.   And while it is true that she has suffered an erosion of capability to perform the *full* range of light work, a Vocational Expert (VE) testified that she could perform *some* light-work jobs like a file clerk, mail clerk, or assembler.   *Id.* at 32-40, 89-90.

Noting that VE's testimony's consistency with the Dictionary of Occupational Titles, the ALJ ruled Sellers not disabled.   *Id.* at 40.   He

2

found that "[b]ecause the claimant would not be disabled if she stopped the substance abuse (20 CFR 404.1520(g)), [Sellers'] substance use disorder is a contributing factor material to the determination of disability (20 CFR 404.1535). Thus, [she] has not been disabled . . . at any time from the alleged onset date [June 15, 2007] through the date of this decision [December 18, 2009]." *Id.* Sellers challenges only that specific ruling. Docs. 10 & 12.

## II.   STANDARD OF REVIEW

Affirmance of the ALJ's decision is mandatory if his conclusions are supported by substantial evidence and based upon an application of correct legal standards. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002); *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997). "Substantial evidence is something more than a mere scintilla, but less than a preponderance." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quotes and cites omitted). It "is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (quotes and cites omitted). If substantial evidence supports the decision, the Court will affirm "[e]ven if the

evidence preponderates against the Commissioner's findings." *Id.* at 1158-1159.

This Court cannot substitute its judgment for that of the Commissioner. *Barnes v. Sullivan*, 932 F.2d 1356, 1357-1358 (11th Cir. 1991). Nor may it "reweigh the evidence or make new factual findings." *Brown v. Commissioner of Soc. Sec.*, 2012 WL 638789 at * 1 (11th Cir. Feb. 29, 2012) (citing *Dyer*, 395 F.3d at 1210). Also, the burden of proving disability lies with the claimant. 20 C.F.R. § 404.1512; *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005).

Her case is threaded through the five-step evaluation process set forth in the Social Security Regulations. 20 C.F.R. § 416.920; *Dixon v. Astrue*, 312 F. App'x 227, 227-28 (11th Cir. 2009); *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999). At step one, the claimant must prove that she has not engaged in substantial gainful activity. *Jones*, 190 F.3d at 1228. At step two, she must demonstrate a severe impairment or combination of impairments. *Id.* Then, at step three, if her impairment meets or equals a listed impairment, she is automatically found disabled. *Id.* If not, she must advance to step four, which requires her to prove an inability to perform past relevant work. *Id.*

If she cannot do that past relevant work, step five switches the burden back to the Commissioner to show that "there is other work available in significant numbers in the national economy that the claimant is able to perform." *Id.*

Addiction played a major part in the ALJ's analysis. When a claimant suffers from drug or alcohol addiction (DAA) then an additional layer is added to step five:

> [the Act] direct[s] the termination or denial of benefits to individuals for whom alcoholism is a contributing factor *material* to a finding of disability. *Englert v. Apfel*, 1999 WL 1289472 at *8, n. 3 (M.D. Fla. June 16, 1999) (citing Public Law No. 104–121, 110 Stat. 8427 (1996)). This change act[s] to deny a claimant's claim where there is a finding that alcoholism or drug abuse plays a contributing factor material to the Commissioner's finding that the claimant is disabled. *Id.*

*Payne v. Astrue*, 2012 WL 1190852 at * 6 (M.D. Ala. Apr. 10, 2012) (emphasis added). So, if a claimant is found to be disabled but there is also DAA medical evidence, the ALJ must re-run the sequential five-step inquiry -- without taking the DAA into account -- to determine whether the DAA "is a contributing factor material to the determination of disability." 20 C.F.R. §§ 404.1535(a), 416.935(a). If it is, then the ALJ can rule the claimant not disabled. DAA is a "material factor" when the claimant's remaining limitations would not be disabling without the DAA.

20 C.F.R. §§ 404.1535(b), 416.935(b).   Hence, if there are other grounds for finding the claimant disabled, then DAA is not a contributing factor material to disability determination.   *Englert*, 1999 WL 1289472 at *7.

The ALJ's bottom line here, then, was whether Sellers "would still be found disabled if [s]he stopped using drugs or alcohol." *Doughty v. Apfel*, 245 F.3d 1274, 1279-80 (11th Cir. 2001); *see also id.* at 1281 (upholding disability benefits denial; physician's opinions and claimant's own testimony indicated that claimant would not be disabled if he quit drinking); *McCrea v. Astrue*, 407 F. App'x. 394, 396 (11th Cir. 2011). Because she is in the best position to make such a showing, *she* must prove that her addiction is not a contributing factor material to her disability determination.   *Doughty*, at 1280 (citing *Brown v. Apfel*, 192 F.2d 492 (5th Cir. 1999)); *Payne*, 2012 WL 1190852 at * 7; *Riddell v. Astrue*, 2012 WL 1151585 at * 3 (D. Or. Apr. 5, 2012); BLOCH ON SOCIAL SECURITY § 3:39 (May 2011).[2]

## III.   ANALYSIS

As noted above, Sellers limits her challenge to the ALJ's finding

---

[2]   As the *Doughty* panel explained: "[The claimant] is the party best suited to demonstrate whether she would still be disabled in the absence of drug or alcohol addiction. We are at a loss to discern how the Commissioner is supposed to make such a showing, the key evidence for which will be available most readily to [the claimant]." *Doughty,* 245 F.3d at 1280 (quoting *Brown v. Apfel*, 192 F.3d 492, 498 (5th Cir. 1999)).

that her alcohol abuse is a contributing factor material to her disability determination.   Doc. 10 at 19-23; doc. 12. Citing EM-96200,[3] she contends that the ALJ's consideration of her alcohol abuse is "contrary to the evidence, to the law, and to medical science."   Doc. 10 at 17.   Indeed, she contends, "in some respects the ALJ's opinion even contradicts itself." *Id.*; *see also* doc. 12 at 1-2 (reply brief insisting the ALJ improperly relied on speculation, and "could not separate out which of Sellers's limitations were due to alcohol abuse. . . .").

To that end, Sellers insists she stopped drinking and cites "regular treatment" from her treating psychiatrist Arnold F. Negrin, M.D., plus her attendance at a support group, "Celebrate Recovery."   Doc. 10 at 21. And research shows, she insists, that the majority of those who stay dry

---

[3]   Under Emergency Message 96200 ("EM-96200"):

> The ALJ must assess the impact of the remaining limitations on a claimant's ability to work, and if it is *not* possible to distinguish between the limitations created by DAA and the claimant's other impairments, [then] DAA is *not* a contributing factor material to disability. This materiality finding must be based on medical evidence, and not simply on pure speculation about the effects that drug and alcohol abuse have on a claimant's ability to work.

*Johnston v. Comm'r of Social Sec.*, 2012 WL 1094793 at * 2 (W.D. Pa. Mar. 30, 2012) (quotes and cites omitted; emphasis added); *Robinson v. Comm'r of Social Sec.*, 2012 WL 227736 at * 11 (W.D.Pa. Jan. 24, 2012).   The Ninth Circuit refuses to review allegations of noncompliance with EM-96200 because it is an internal agency memorandum carrying no force of law.   It was not run through the rulemaking process to become a regulation, and it certainly is not a statute handed down from Congress.   Hence, it is not binding even upon the agency.   *Parra v. Astrue*, 481 F.3d 742, 749 (9th Cir. 2007).

for a year or more stay that way.   The ALJ thus "was badly misinformed about the pertinent medical science."   *Id.* at 21-22; *see also* doc. 12 at 2-3 ("And even the Commissioner does not dispute that the ALJ was wrong, and that most alcoholics stop without treatment.").

In a lengthy ruling the ALJ cited extensively to and specially addressed Seller's evidence.   Doc. 8-2 at 24-40.   He identified her addiction and non-addiction based limitations.[4]   He noted the findings and opinion of Dr. Negrin, who saw Sellers from 2006-2009.[5]   He

_____

[4]   For example, he identified time passages when she was not abusing alcohol *and* functioning -- able to do household chores, laundry, cook, read, attend church and recovery meetings, etc.   Doc. 8-2 at 36-37.   "The record reveals," the ALJ expressly noted, "that [Sellers] was able to maintain employment prior to her heavy alcohol use, which she testified started in 2002. . . .   The fact that [her] bipolar disorder did not prevent [her] from working prior to 2002 strongly suggests that it would not prevent work if she abstained from alcohol."   Doc. 8-2 at 37.   The ALJ also noted that she was able to work in 2007 "despite having some cognitive problems."   *Id.*

[5]   The ALJ must accord substantial weight to the opinion, diagnosis, and medical evidence of a treating physician unless there is good cause to do otherwise. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997); *Edwards v. Sullivan*, 937 F.2d at 583; 20 C.F.R. § 404.1527(d); *Farkas v. Astrue*, 2012 WL 750547 at * 6 (M.D. Fla. Mar. 8, 2012).

"'[G]ood cause' exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips v. Barnhart*, 357 F.3d 1232, 1240–41 (11th Cir. 2004). Therefore, if a treating physician's opinion on the nature and severity of a claimant's impairments is well supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with the other substantial evidence in the record, the ALJ must give it controlling weight. 20 C.F.R. § 404.1527(d)(2).

enumerated Negrin's responses to a November 16, 2009 "ability" form, wherein Negrin noted that Sellers's "limited but satisfactory" ability to understand and execute on "very short and simple instructions," etc. Doc. 8-2 at 37.   Negrin's bottom line was that Sellers "would have difficulty working at a regular job on a sustained basis."  *Id.* at 38.   But Negrin also noted that he only saw Sellers "every three to four months," while her managing therapists saw her every week or so, so they "could more accurately answer the posed questions."  *Id.*

More importantly, the ALJ further noted, Negrin's "opinion relates back to December 2008 and does not explain how claimant was able to

---

*Farkas*, 2012 WL 750547 at * 6.   If the ALJ fails to state specifically what weight he assigned to physician sources, the error is harmless if his opinion is otherwise supported by substantial evidence.  *Murray v. Astrue*, 2012 WL 1424888 at * 7 (N.D. Ala. Apr. 24, 2012).   As for non-examining physicians:

> Social Security Regulations require that an ALJ consider the opinions of non-examining physicians. 20 C .F.R. § 404.1527(f). The weight that should be assigned to a non-examining physician's opinion "depends, among other things, on the extent to which it is supported by clinical findings and is consistent with other evidence." *Jarrett v. Comm'r of Soc. Sec.*, 422 Fed. Appx. 869, 873 (11th Cir.2011); *see also Oldham v. Schweiker*, 660 F.2d 1078, 1084 (Former 5th Cir. Unit B Nov. 1981) ("The law is clear that, although the opinion of an examining physician is generally entitled to more weight than the opinion of a non-examining physician, the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion.").

*Id.* at * 9.   Here, the ALJ expressly credited the non-examining psychological experts who opined Sellers to be not disabled "based on a thorough review of the evidence" that "are consistent with [the instant] record.  Doc. 8-2 at 38.  Even at that, the ALJ found Sellers's RFC to be even further limited than found by these examiners.  *Id.*

work in 2006 and 2007 even when she was still abusing alcohol."   Doc.
8-2 at 38.   The record also bears Negrin's February 19, 2008 chart note:
"went back to drinking again. . . ."   Doc. 8-7 at 102.   Too, claimant
herself testified at the November 2009 hearing "that she stopped drinking
about three to four months prior to the [administrative] hearing, which is
*after* her date last insured of December 31, 2008."   Doc. 8-2 at 39.

Plaintiff's own sister-in-law "reported on November 11, 2009, that
claimant goes on and off her medications and continues to drink off and
on as well, and consequently, opined 'It is hard for her (the claimant) to
stay on task even in conversation'. . . ."   Doc. 8-2 at 27; *see also id.* at
28-29 ("She cannot handle stress and will return to alcohol to deal with
it.").   And at the administrative hearing, Sellers herself admitted that
just in the prior week she cracked under stress and thus indulged, though
she consumed only "part of a drink" the taste of which she claimed she
"couldn't stand."   *Id.* at 58-59.

Sellers in effect insists that, once she has shown that she quit
drinking, that should be enough absent some contrary evidence.   After
all, she reasons, "[e]very recovered alcoholic has trouble quitting. Until
she quits." Doc. 12 at 2.   And if there is no evidence showing that she in

fact is presently drinking, only speculative extrapolation would authorize a finding like that rendered by the ALJ. The ALJ, then, should simply believe and fully credit her physician's notations, even if they merely accept as true what she told him. Docs. 10 & 12. Too, she implicitly contends, "small details" like her own admission to consuming only "part of a drink" and her own kin's adverse testimony should simply be overlooked.

That is not the law, and certainly not what the vast sum of human experience, from which common sense derives, otherwise informs any reasonable adjudicator. In enforcing Congress's direction that no one may collect this entitlement by drinking or drugging, it is not unfair to note an addict's incentive to lie or exaggerate in quest of a monthly check. The ALJ was authorized to disbelieve Sellers and believe her sister-in-law's November, 11, 2009 "continues to drink" assertion.

The same must be said for claimant's own treating psychiatrist's (Dr. Negrin's) indication that she "would have difficulty working at a regular job on a sustained basis due to bipolar cycles *and binge drinking*, 'as happened in the past though she (the claimant) denies @ (at) present. . . ." Doc. 8-2 at 29 (emphasis added); *see also id.* (citing examining

11

psychologist Dr. Nagelberg's July 2, 2009 psychological consultative examination revealing that "she likely has bipolar disorder but this is complicated by a *long* history of alcohol abuse. . . .") (emphasis added).

Too, the ALJ had before him not only Sellers's *own admission* that she had part of a drink in the week just before the hearing in this case, doc. 8-2 at 56; *see also* doc. 8-2 at 78, 85 (her husband confirmed this), but also "several" just a few months before that. Doc. 8-2 at 72 ("well, I actually picked up a couple of [drinks]" when she saw Dr. Negrin); *id.* at 73. And there is no real dispute that, but for her alcoholism, she would be able to hold down one of the light-duty jobs about which the VE opined. *See id.* at 86-87 (ALJ noting medical evidence that Sellers "has probable bipolar as complicated by her drinking."); *id.* at 84-86 (noting the undisputed testimony showing that her earlier mental health problems did not prevent her from working, but only when they were combined with her alcohol consumption was she unable to hold a job); *id.* at 91-92.

The remainder of Sellers's arguments more or less overlook the fact that an ALJ need not refer to every piece of evidence, and this Court is not free to reweigh it in any event. *Dyer*, 395 F.3d at 1211; *Daniels v. Astrue*, 2012 WL 1564415 at * 6 (M.D. Ala. Apr. 30, 2012). Also, "[a]n ALJ may

discredit a physician's opinion that is conclusory, brief, and unsupported by the record as a whole or by objective medical findings. *Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004)."   *Iness v. Astrue*, 2012 WL 1574797 at * 6 (E.D. Wash. May 3, 2012).   The ALJ was authorized to view Dr. Negrin's "difficulty working" assessment in that manner, as contrasted by another treating physician's (Dr. Carpenter's) notation of her "history of cirrhosis secondary to alcohol, and . . . that due to her continued drinking she developed acute pancreatitis, which he felt was most likely chronic."   Doc. 8-2 at 36.

Because substantial evidence supports the ALJ's determination, this appeal should be **DENIED**.

**SO REPORTED AND RECOMMENDED** this 20th day of June, 2012.

_____

**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**